**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHANEEL WALKER and
GAIL ALSTON,

    Plaintiffs,

      v.

INNOVATIVE CONCEPT SOLUTIONS
INTERNATIONAL, INC. *et al.*,

    Defendants.

**Civil Action No. 12-2046 (CKK)**

**MEMORANDUM OPINION**
(January 13, 2014)

Chaneel Walker and Gail Alston ("Plaintiffs") filed the Complaint in the above-captioned action on December 20, 2012, against Defendants Innovative Concept Solutions International, Inc. ("ICSI") and Lorraine Thomas ("Thomas"). *See* Compl., ECF No. [1]. By Order dated May 29, 2013, the Court dismissed without prejudice Plaintiffs' claims against Thomas, leaving only Plaintiffs' claims against ICSI. *See* May 29, 2013, Order, ECF No. [13]. On June 18, 2013, the Clerk entered default against Defendant ICSI as ICSI had not answered Plaintiffs' Complaint nor appeared in court. *See* Entry of Default, ECF No. [16]. That same day, Plaintiffs filed a Motion for Default Judgment against ICSI. *See* ECF No. [17]. In an Order entered July 3, 2013, the Court denied without prejudice Plaintiffs' Motion for Default Judgment on the basis that Plaintiffs failed to specify each element of damages, or the monetary amount thereof, that Plaintiffs claimed to be entitled to recover from ICSI, and failed to include evidentiary support for its damages claims. *See* July 3, 2013, Order, ECF No. [18]. Plaintiffs subsequently filed an Amended Motion for Default Judgment. *See* ECF No. [19]. On November 27, 2013, the Court

again denied without prejudice Plaintiffs' Motion for Default Judgment because Plaintiffs failed to provide sufficient evidence to prove their entitlement to the amount of monetary damages they requested and failed to provide the information the Court had requested in its July 2013 Order regarding Defendant's corporate status, whether Defendant is in bankruptcy proceedings, and the correct address for Defendant's registered agent. *See* Nov. 27, 2013, Mem. Op. & Order, ECF Nos. [21] & [22].

In the Court's Order denying Plaintiffs' Amended Motion for Default Judgment, the Court gave Plaintiffs until January 6, 2014, to file a revised motion for default judgment providing the necessary evidentiary support and thoroughly addressing the impact of ICSI's corporate status, whether ICSI is in bankruptcy proceedings, and the correct current address for ICSI's registered agent. *See* Nov. 27, 2013, Order. The Court noted that if Plaintiffs did not file a revised motion for default judgment by January 6, 2014, "this decision will stand and the case will be dismissed." *Id.* Plaintiffs did not file a revised motion for default judgment by January 6, 2014, and, as of this date, the Court still has not received such a motion or a motion for extension of time to file such a motion. Consequently, Plaintiffs have failed to provide sufficient information from which the Court could enter judgment in Plaintiffs' favor on their requested damages award. Accordingly, although judgment as to Defendant's liability has been entered by default for Plaintiffs, the Court's decision denying Plaintiffs' Amended Motion for Default Judgment as to damages stands. Furthermore, as Plaintiffs failed to file a revised motion for default judgment by the January 6, 2014, deadline, this case is DISMISSED for want of prosecution.

//

//

An appropriate Order accompanies this memorandum opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE